IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN SHEALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:13cv13-MHT |
| | ) | (WO) |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 7, 2013, *pro se* plaintiff Patricia Ann Shealey ("Shealey"), filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that she was discriminated against by the defendant when she was not hired because of her race.  The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant in 28 U.S.C. § 2000e-5.

On February 4, 2013, the defendant filed a motion to dismiss, or in the alternative, motion for more definite statement, asserting that the plaintiff's conclusory allegations are simply insufficient, as a matter of law, to state a claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 55 U.S. 662 (2009).  (Doc. # 7).  Despite being given the opportunity, Shealey has filed nothing in response or in opposition to the motion.  After careful review, the court concludes that the defendant's motion to dismiss should be granted, and this case should be dismissed.

## II.  THE STANDARD OF REVIEW

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor.  *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

While a complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it must plead "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009).

> We take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff[]. *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).  We are not, however, required to accept the labels and legal conclusions in the complaint as true.  *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (stating that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").  . . . "A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal*, 578 F.3d at 1260 (citing *Iqbal*, 129 S.Ct. at 1950; *Twombly*, 550 U.S. at 561-62, 570, 127 S.Ct. at 1968-69, 1974).  "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*. 550 U.S. at 557, 127 S.Ct. at 1966-67).

*Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

> In order for the plaintiff to satisfy [her] "obligation to provide the grounds of [her] entitlement to relief,"[s]he must allege more than "labels and conclusions"; [her] complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted).

*Fin. Sec. Assur., Inc. v. Stephens, Inc.* 500 F.3d 1276, 1282 (11th Cir. 2007).

In *Twombly*, the Court "rejected the notion that "a wholly conclusory statement of claim [can] survive a motion to dismiss whenever the pleadings le[ave] open the possibility that a

plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Weissman v. Nat'l Ass'n of Sec. Dealers, Inc*. 500 F.3d 1293, 1303 (11th Cir. 2007).

## III. DISCUSSION

In her complaint, Shealey asserts that in June 2012, she was denied a position with the defendant because of her race.  She alleges that the hiring manager "would not consider [her] for a position because he knew [she] was black when [they] spoke [on the phone.]"  (Doc. # 1 at 2).  Although Shealey alleges that the defendant violated her rights, her complaint fails to adequately establish a factual basis for her claim.  Her complaint is based solely on her belief that she was not hired because the manager identified her race from her voice in a telephone call.  She has alleged no facts that support her claim.  Shealey must do more than simply assert that she is entitled to relief.  Her complaint must "possess enough heft to 'sho[w] that [she] is entitled to relief." *Twombly*, 550 U.S. at 557.  Her complaint is wholly insufficient under *Twombly, supra*.

In addition, on February 5, 2013, the court entered an order requiring the plaintiff to show cause why the motion to dismiss should not be granted.  (Doc. # 8).  In that order, the court specifically cautioned the plaintiff that failure to file a response "may be treated by the court as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*.  In addition, the plaintiff was warned that "her failure to file a response in compliance with this order can result in the dismissal of this case." *Id*.  The plaintiff has filed nothing in response to the order entered on February 5, 2103.  Consequently, the court concludes that the plaintiff's abandonment of her claims, her failure to comply with the orders

of this court and her failure to prosecute this cause of action also warrant dismissal of this case.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss be granted and this case be dismissed without prejudice. It is further

ORDERED that on or before **March 8, 2013**, the parties may file objections to the Recommendation. Any objection of the party must specifically identify to which findings in the Recommendation the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 22nd day of February, 2013.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

5